**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY,<br><br>        Plaintiff-counter-defendant - Appellee,<br><br>  v.<br><br>ESTATE OF JAVIER ORTIZ FUENTES, by and through its Representative,<br><br>        Defendant,<br><br>ELIZABETH S. ORTIZ; ALEXIS J. ORTIZ; KASSANDRA N. ORTIZ,<br><br>        Defendants-counter-claimants,<br><br>  and<br><br>VERONICA DIEGO, Guardian ad Litem for minors, Jose Antonio Diego and Roberto Diego-Jeronimo; MARIA GUADALUPE VEGA, Guardian Ad Litem for minors, Karina Alejandra Cortes Alfaro and Luis Gerargo Cortes Alfaro; MARIA MERCADO, Guardian ad Litem | No. 10-15775<br><br>D.C. No. 1:08-cv-00691-LJO-SMS<br><br>MEMORANDUM[*] |

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

of Vicky Nava, Joselyn Nava and Stephanie Nava; FAVIOLA QUEZADAS DE VELASQUEZ, Guardian ad Litem for minor, Laura Alejandra Valasquez Quezadas, Alondra Lizabeth Velasquez Quezadas, Jose De Jesus Velasquez-Quezada, John Velasquez-Quezada, Richard Velasquez-Quezada, and Diego Emmanuel Velasquez-Quezada,

              Defendants-counter-claimants - Appellants.

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY,<br><br>         Plaintiff-counter-defendant - Appellee,<br><br>  v.<br><br>ESTATE OF JAVIER ORTIZ FUENTES, by and through its Representative,<br><br>         Defendant - Appellant,<br><br>ELIZABETH S. ORTIZ; ALEXIS J. ORTIZ; KASSANDRA N. ORTIZ,<br><br>         Defendants-counter-claimants - Appellants,<br><br>  and<br><br>VERONICA DIEGO, Guardian ad Litem | No. 10-15856<br><br>D.C. No. 1:08-cv-00691-LJO-SKO |

for minors, Jose Antonio Diego and Roberto Diego-Jeronimo; MARIA GUADALUPE VEGA, Guardian Ad Litem for minors, Karina Alejandra Cortes Alfaro and Luis Gerargo Cortes Alfaro; MARIA MERCADO, Guardian ad Litem of Vicky Nava, Joselyn Nava and Stephanie Nava; FAVIOLA QUEZADAS DE VELASQUEZ, Guardian ad Litem for minor, Laura Alejandra Valasquez Quezadas, Alondra Lizabeth Velasquez Quezadas, Jose De Jesus Velasquez-Quezada, John Velasquez-Quezada, Richard Velasquez-Quezada, and Diego Emmanuel Velasquez-Quezada,

Defendants-counter-claimants.

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted May 12, 2011
San Francisco, California

Before:     W. FLETCHER and N.R. SMITH, Circuit Judges, and JONES, District Judge.[**]

Appellants appeal the district court's decision granting Carolina Casualty

Insurance Company's ("Carolina Casualty") motion for summary judgment, and

_____

[**]     The Honorable Robert Clive Jones, District Judge for the U.S. District Court for Nevada, Reno, sitting by designation.

denying Appellants' motion for summary judgment. Appellants argue that the district court erred in concluding that A&A Transport Company ("A&A") was not covered as an additional insured by Antonini's insurance policy with Carolina Casualty for liability arising from the August 10, 2005 car accident. We affirm.

Appellants first argue that A&A was covered by Antonini's general commercial liability policy, but that the automobile exclusion to that policy did not apply. A&A was unquestionably covered by Antonini's general commercial liability policy. Appellants do not contest that the general commercial liability policy contains an automobile exclusion that applies to Antonini. There is no language in the Blanket Endorsement, or anywhere else in the insurance policy, that makes the automobile exclusion inapplicable to A&A. We therefore conclude that the automobile exclusion applies to A&A, just as it applies to Antonini.

Appellants also argue that A&A is covered by Antonini's auto insurance policy through the Certificate of Insurance. Appellants acknowledge that under California law, a certificate of insurance cannot amend an insurance policy. *See, e.g.*, Cal. Ins. Code § 384(a); *Empire Fire & Marine Ins. Co. v. Bell*, 64 Cal. Rptr. 2d 749, 757 n.25 (Ct. App. 1997). They argue, however, that because the Blanket Endorsement provides that the insurance required under the Hauling Agreement would be "evidenced by a certificate of Insurance," the Certificate of Insurance

4

should be read as evidence of the extent of the coverage provided. This language from the Blanket Endorsement, however, signifies only that the Certificate of Insurance is evidence that a policy has been issued, not that it can override the unambiguous provisions of that policy. *See Empire Fire & Marine Ins. Co.*, 64 Cal. Rptr. 2d at 757 n.25.

**AFFIRMED.**